# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JODY K. FIDLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File |
| vs. ) | No. _____ |
| ) | |
| SUNTRUST BANK ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Jody Fidler files this Complaint and alleges that Defendant SunTrust Bank ("SunTrust") has violated the Fair Labor Standards Act ("FLSA")., 29 U.S.C. § 201, *et seq.,* by misclassifying the Plaintiff as exempt and failing to pay her straight time or overtime for hours worked in excess of forty (40) hours per week. In support of her claim, Plaintiff asserts as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges pursuant to Section 216(b) of the FLSA that she: (i) has been misclassified as an exempt employee; (ii) is entitled to unpaid wages from Defendant for overtime work for which she did not receive overtime premium pay as required by law; and (iii) is entitled to liquidated damages pursuant to the FLSA.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. Both parties reside in this district and division. SunTrust transacts business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

4. Plaintiff Jody Fidler is a citizen and resident of Cobb County, Georgia.

5. From in or about March of 2013 through January 2015, Plaintiff was employed by Defendant as an Enterprise Recovery & Resolution Planning Communications Manager in Operational Risk Management ("Communications Manager").

6. Defendant SunTrust is a Georgia corporation with its principal place of business located in Atlanta, Georgia.

7. SunTrust maintains its corporate headquarters at 303 Peachtree St. NE, Atlanta, Fulton County, Georgia, 30308.

8. At all relevant times SunTrust has continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

9. Defendant operates and specializes in banking, including, but not limited to, personal banking, wealth management, small business banking, and corporate banking.

10. The principal job duties of a Communications Manager include: typing; preparing, at the direction of others, presentation materials; copying electronic and other files; and other tasks, none of which involved the exercise of discretion or independent judgment with respect to matters of significance.

11. Despite the title of "Communications Manager," Plaintiff, in fact, did not have any managerial duties. Nor did she have any ability to exercise her own discretion. Rather, she was dictated and monitored by higher level managers.

12. Defendant has misclassified the Communications Manager as an exempt employee under the FLSA during all times relevant to these claims.

13. Based on this willful and deliberate misclassification, SunTrust has justified requiring Communications Managers like Plaintiff to work hours in excess of

40 hours a week, without any compensation (straight time or overtime) for those hours beyond the 40-hour week, in violation of the FLSA.

14. During the relevant time period, Plaintiff's hours varied. In fact, sometimes SunTrust required her to work up to sixty (60) hours a week, including weekends.

## **COUNT I – FAIR LABOR STANDARDS ACT**

15. Plaintiff realleges and incorporates by reference Paragraphs 1 through 15 as if they were set forth in full herein.

16. At all relevant times, SunTrust has been, and continues to be, an employer engaged in interstate commerce and/or the production of services for commerce, within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

17. At all relevant times, SunTrust employed Plaintiff within the meaning of the FLSA, 29 U.S.C. §§ 201 *et seq.*

18. At all relevant times, SunTrust has had annual gross revenue in excess of $500,000.00.

19. At all relevant times, SunTrust had a policy and practice of misclassifying Communications Managers as exempt under the FLSA.

20. At all relevant times, SunTrust had a policy and practice of refusing to pay any compensation, including straight time and overtime compensation, to Plaintiff for hours worked in excess of forty (40) hours per week.

21. As a result of SunTrust's willful failure to compensate Plaintiff for all the hours she worked, as well as, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, SunTrust has violated and continues to violate the FLSA, including §§ 207(a)(1) and 215(a).

22. As a result of SunTrust's misclassification of its Communication Manager and its attendant failure to record, report, credit and/or compensate the Plaintiff, SunTrust has failed to make, keep and preserve with respect to Plaintiff, records sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, including §§ 211(c) and 215(a).

23. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

24. Due to SunTrust's FLSA violations, Plaintiff is entitled to recover from SunTrust her unpaid wages, as well as overtime compensation, an additional amount – equal to the unpaid wages and overtime – as liquidated damages additional liquidated damages for unreasonably delayed payment of wages,

reasonable attorneys' fees, and costs and disbursements of this action, pursuant to § 216(b) of the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Court grant the following relief:

A.  Trial by Jury;

B.  Award of unpaid wages, as well as all overtime compensation, due under the FLSA to the Plaintiff;

C.  Award of liquidated damages to the Plaintiff as a result of SunTrust's willful failure to pay for all wages due as well as overtime compensation pursuant to the FLSA;

D.  Award of prejudgment and post judgment interest;

E.  Award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

F.  Such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint

Respectfully submitted this 18th day of June, 2015.

                                          **HALL & LAMPROS, LLP**

                                          /S/ Andrew Lampros
                                            Andrew Lampros
                                            Ga. Bar #432328

1230 Peachtree St. NE
Suite 950
Atlanta, GA 30309
Tel.: (404) 876-8100
Fax: (404) 876-3477
Email: alampros@hallandlampros.com

Attorneys for Plaintiff